UNITED STATES of America, Plaintiff–Appellee,

v.

**Joann RICHARDSON, Defendant–Appellant.**

No. 08–30104.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2009.*

Filed March 12, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Barbara J. Sievers, Helen J. Brunner, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, Magistrate Prosecutor Fort Lewis, Office of the Staff Judge Advocate, Fort Lewis, WA, for Plaintiff–Appellee.

Michael G. Martin, Siderius Lonergan & Martin, LLP, Seattle, WA, for Defendant–Appellant.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM **

Joann Richardson appeals her misdemeanor conviction for theft of property of the United States government of a value not in excess of one thousand dollars, in violation of 18 U.S.C. §§ 7 and 641. A jury returned a guilty verdict, finding that on or about February 22, 2007, she did take and carry away with the intent to steal and purloin merchandise from the Post Exchange at Fort Lewis, Washington. The United States Magistrate Judge sentenced Richardson to forty-eight hours imprisonment and imposed a two hundred dollar fine and a special assessment of twenty-five dollars. The district court affirmed the judgment. Because the parties are familiar with the facts, we do not recount them here except as is necessary to explain our decision.

Richardson's sole basis for this appeal relates to the denial of her motion for a new trial. She contends that a detective's trial testimony that security officers were watching her due to previous conduct, which defense counsel objected to based on Federal Rule of Evidence 404(b), necessitated a mistrial and that the denial of her motion for a new trial was an abuse of discretion. The United States Magistrate Judge had jurisdiction to preside over the case for the misdemeanor offense pursuant to 18 U.S.C. § 3401. The district court had jurisdiction to hear Richardson's appeal of the order denying the motion for new trial and of the sentence imposed by the Magistrate Judge pursuant to 18 U.S.C. §§ 3231 and 3402. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

We find no abuse of discretion in denying Richardson's motion for a new trial. *See United States v. Allen,* 341 F.3d 870, 891–92 (9th Cir.2003). The relevant portion of the record states as follows:

Q. Now, as you began to follow Ms. Holcomb, what was it that you saw from the camera room?

A. Holcomb had an oversized purse. I followed her. She selected a couple pieces of clothing. Richardson caught my eye. So when Richardson caught my eye, I moved the camera over to her. She had on an oversized coat. And she was somebody who was previously spotted and we were asked to watch, so—

MR. LEONARD: I am going to object, move to strike, pretrial ruling by the Court.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

THE COURT: Any objection to the request to strike?

MR. TYNDAL: I am not sure of the objection.

MR. LEONARD: 404(b)

MR. TYNDAL: Your Honor, I won't object, we can just go on.

THE COURT: All right, I am going to strike the statement and ask that you not, direct that you not consider that she was someone previously spotted and asked to watch. Those words are stricken.

First, even assuming that the detective's brief and somewhat ambiguous statement explaining why she was watching Richardson on the day in question is inadmissible under Rule 404(b), upon defense counsel's objection and with the prosecution's consent, the Magistrate Judge struck the statements from the record and issued a curative instruction that jurors were not to consider the witness's statement. We presume that a jury follows a curative instruction. *United States v. Parks*, 285 F.3d 1133, 1139 (9th Cir.2002). Richardson has offered nothing to refute this presumption.

Additionally, in light of the substantial evidence presented at trial proving Richardson's guilt, we conclude that Richardson has failed to demonstrate any prejudice that would justify a new trial. Witnesses testified about Richardson's conduct in the store. A copy of the security camera video was admitted into evidence and viewed by the jury. Richardson and a companion—neither of whom were permitted to purchase goods from the Post Exchange—were observed concealing several items in a shopping cart before leaving the store without making any attempt to pay for the hidden merchandise. Richardson was also seen taking a pair of jeans of a distinctive brand into the dressing room and emerging without them. An immediate search confirmed that she did not leave the jeans in the dressing room. Richardson, after being detained by security personnel, was found to be wearing a pair of jeans of the same distinctive brand underneath her pants. Simply put, the challenged testimony, objected to by defense counsel and stricken by the Magistrate Judge, did not create incurable prejudice that impaired Richardson's right to a fair trial. We are persuaded that any error was harmless beyond a reasonable doubt.

In sum, we find that there was no abuse of discretion arising from the denial of Richardson's motion for a new trial.

**AFFIRMED.**